## S. Maeder, Appellee, v. Kary E. Stephens and Leroy Hanna, Appellants.

### Gen. No. 19,816.   (Not to be reported in full.)

Appeal from -the Circuit Court of Cook county; the Hon. BENJA-MIN W. POPE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 19, 1914.

### Statement of the Case.

Action on the case by S. Maeder against Kary E. Stephens and Leroy Hanna to recover damages arising out of an alleged conspiracy to accuse her of the crimes of disorderly conduct- and larceny for the purpose of extorting from her certain letters written and mailed to her by defendant Stephens which she claimed as her property. It was charged that the acts of the defendants constituting the alleged conspiracy were in violation of the Criminal Code, (Hurd's Rev. St., ch. 38, §§ 46, 93, J. & A. ¶¶ 3547, 3647). The jury found the defendants guilty and assessed the damages of the plaintiff in the sum of five thousand dollars. From a judgment entered on the verdict in favor of plaintiff, defendants appeal.

AYERS & AYERS and HART, FLEMING & PRATT, for appellants.

JAMES R. WARD and GUY GUERNSEY, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1.   APPEAL AND ERROR, § 1410*—*when verdict against the weight of the evidence.* Where the verdict of the jury is clearly and manifestly against the weight of the evidence, the failure of a trial court

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to grant a new trial upon a proper motion constitutes reversible error.

2. EVIDENCE, § 476*—*determination of the weight of the evidence.* While a preponderance of evidence is not necessarily determined by the number of witnesses testifying on either side of a case, yet such may be considered by the court as an important factor.

3. APPEAL AND ERROR, § 1810*—*when court may not reverse with a finding of facts.* A reviewing court, although finding a verdict for plaintiff against the weight of the evidence, cannot enter a reversal with a finding of facts where the question is not properly preserved.

4. CONSPIRACY, § 14*—*when evidence insufficient to show.* Where, in an action on the case, plaintiff stands alone in her testimony without corroboration with reference to acts of an alleged conspiracy to accuse her of crimes for the purpose of extorting certain letters from her, and where her testimony as to her physical condition, alleged to be due to the result of acts of the defendants, was not supported by the testimony of the attending physician, and where the circumstances of her meeting one of the defendants was contradicted by three witnesses and the acts charged against the defendants constituting the basis of the action were categorically denied by one of the defendants, and her testimony failed to offer proper explanation of the return of certain letters and the payment of five hundred dollars by one of the defendants, the preponderance and weight of the evidence is *held* to be with the defendants, and the verdict of the jury in favor of the plaintiff is *held* to be against the weight of the evidence.